UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MALOLM ABDUL RAHMEEN, | : | |
| Plaintiff, | : | |
| | : | PRISONER |
| v. | : | CASE NO. 3:11-cv-1153 (PCD) |
| | : | |
| LEO J. ARNONE, et al., | : | |
| Defendants. | : | |

### INITIAL REVIEW ORDER

Plaintiff Malcolm Abdul Rahmeen, incarcerated and *pro se*, has filed a complaint under 42 U.S.C. § 1983 (2000) and a motion to amend that complaint. The plaintiff's motion for leave to amend is granted. The plaintiff alleges, *inter alia*, that the defendants, Leo J. Arnone, Michael Lajoie, Angel Quiros, Steven Faucher, Lauren Powers, McCormick, Mark A. Frayne, Nowinski, Ward and Darrel Little, subjected him to unconstitutional conditions of confinement and denied him proper mental health care.

Under 28 U.S.C. § 1915A (2000), the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id*.

Under the Federal Rules of Civil Procedure and Second Circuit precedent, a *pro se* complaint is adequately pled if its allegations, liberally construed, could "conceivably give rise to a viable claim." *Phillips v. Girdich*, 408 F.3d 124, 130 (2d Cir. 2005). The Court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are

not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007)). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. But "'[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007)).

The plaintiff references the First, Eighth and Ninth Amendments in his amended complaint. After careful consideration, the court concludes that the allegations warrant service of the complaint and an opportunity for the plaintiff to address the defendant's response to the his allegations.

**Orders**

The Court enters the following orders:

(1)   Plaintiff's motion for to amend [**Doc. #6**] is **GRANTED**. The Clerk is directed to docket the proposed amended complaint.

(2)   **The Pro Se Prisoner Litigation Office shall** verify the current work addresses for each defendant. The Office shall mail a waiver of service of process request packet, including the amended complaint, to each defendant in his or her individual capacity within fourteen (14) days of this Order, and report to the court on the status of the waiver request on the thirty-fifth (35) day after mailing. If the defendant fails to return the waiver request, the Pro Se

Prisoner Litigation Office shall make arrangements for in-person service by the U.S. Marshal Service on the defendant in his individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3) **The Pro Se Prisoner Litigation Office shall** prepare a summons form and send an official capacity service packet to the U.S. Marshal Service. The U.S. Marshal is directed to effect service of the amended complaint on all defendants in their official capacities at the Office of the Attorney General, 55 Elm Street, Hartford, CT 06141, within fourteen (14) days from the date of this order and to file returns of service within twenty (20) days from the date of this order.

(4) **The Pro Se Prisoner Litigation Office shall** send a courtesy copy of the Complaint and this Ruling and Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(5) **The Pro Se Prisoner Litigation Office shall** send written notice to the plaintiff of the status of this action, along with a copy of this Order.

(6) **Defendant shall** file his response to the complaint, either an answer or motion to dismiss, within **seventy (70) days** from the date of this order. If he chooses to file an answer, he shall admit or deny the allegations and respond to the cognizable claims. He also may include any and all additional defenses permitted by the Federal Rules.

(7) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this order. Discovery requests need not be filed with the court.

(8) All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this order.

(9) Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

Entered at New Haven, Connecticut this  16th  day of  September 2011.

                                        /s /
                                        Peter C. Dorsey
                                        United States District Judge